```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
                                    :
GWENDOLYN BROWN-HENDERSON,
et al.                              :
     Plaintiffs
                                    :

     v.                             :   Civil Action No. DKC 13-3324

                                    :
CAPITAL ONE, N.A.,
     Defendant                      :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action to quiet title is an unopposed motion to dismiss filed by Defendant Capital One, N.A. (ECF No. 10). Plaintiffs Gwendolyn Brown-Henderson and Lemuel A. Henderson commenced this action on September 23, 2013, by filing a *pro se* complaint against Defendant in the Circuit Court for Prince George's County, Maryland. (ECF No. 2). Plaintiffs purport to be the owners of real property located at 2201 Green Ginger Circle, Accokeek, Maryland 20607 (the "Property"). (*Id.*). It appears that all of Plaintiffs' claims stem from a loan they obtained from Chevy Chase Bank, F.S.B. ("Chevy Chase Bank") on August 23, 2007 in the amount of $632,000. (ECF Nos. 2-2 & 11-2).[1] The loan was evidenced by an adjustable rate note (the "Note") and secured by

---

[1] In 2009, Chevy Chase Bank, F.S.B. converted to a national association and merged with Capital One. *Yangouyuan v. Chevy Chase Bank, FSB*, No. No. 13-cv-10112, 2013 WL 1319500, at *1 n.1 (E.D. Mich. Mar. 29, 2013).

a Deed of Trust.  (ECF Nos. 11-1 & 11-2).  The Note was endorsed in blank by Chevy Chase Bank.  (ECF No. 11-2, at 6).

Although factually sparse, Plaintiffs' action to quiet title appears to challenge Defendant's authority to enforce the lien on the Property.  Specifically, Plaintiffs argue that: (1) Defendant is not the holder in due course of the "authentic original unaltered promissory Note"; and (2) the mortgage agreement lasts for a term longer than five (5) years, which Plaintiffs believe evidences fraud.  Plaintiffs also challenge the validity of the signature on the note, and demand that Defendant show them the "original unaltered promissory note." (ECF No. 2, at 2).  Finally, Plaintiffs appear to allege violations of the Fair Debt Collection Practices ("FDCPA"), arguing that Defendant is a debt collector.

Defendant moved to dismiss on November 14, 2013.  (ECF No. 10).  Plaintiffs were provided with a *Roseboro* notice, which advised them of the pendency of the motion and their entitlement to respond within seventeen (17) days from the date of the letter.  (ECF No. 12); *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (holding *pro se* plaintiffs should be advised of their right to file responsive material to a motion for summary judgment).  On December 5, 2013, Plaintiffs moved for a thirty-day extension of time to file an opposition, (ECF No. 15), which the undersigned granted on December 13, 2013 (ECF No. 16).

2

Plaintiffs were instructed to file an opposition by January 6, 2014. (*Id.* ¶ 2). To date, Plaintiffs have not filed any opposition to the motion to dismiss, and the time for them to do so has long expired.

Because Plaintiffs failed to file any opposition to the motion, the court has the discretion to dismiss the case without reaching the merits. Indeed, Judge Hollander recently dismissed the complaint in *White v. Wal Mart Stores, Inc.*, Civil Action No. ELH-13-00031, 2014 WL 1369609, at *2 (D.Md. Apr. 4, 2014), where *pro se* plaintiff failed to oppose defendant's motion to dismiss. Judge Hollander stated that "[w]hen a plaintiff fails to oppose a motion to dismiss, a district court is 'entitled, as authorized, to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted' in the motion. *Id.* (*quoting Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004)); *Ferdinand-Davenport v. Children's Guild*, 742 F.Supp.2d 772, 777 (D.Md. 2010) ("By her failure to respond to [defendant's] argument" in a motion to dismiss, "the plaintiff abandons [her] claim."). Although the district court also has discretion to decline to "grant a motion to dismiss based on the failure to file a timely opposition when the motion is plainly lacking in merit," this is not the case here. *White*, 2014 WL 1369609, at *2 (*quoting United States v. Sasscer*, Civ. No. Y-97-3026, 2000 WL 1479154, at *2 n.6 (D.Md. Aug. 25, 2000)).

3

Moreover, a district court has "the inherent authority . . . to dismiss a lawsuit sua sponte for failure to prosecute." *United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)); *White*, 2014 WL 1369609, at *2 ("[i]n light of plaintiff's failure to oppose the [m]otion, I can only assume that plaintiff concedes that her Complaint is deficient for the reasons stated by defendant."). There is no obvious lack of merit in Defendant's motion given the allegations contained in Plaintiffs' complaint, none of which give rise to a claim to quiet title or any other cognizable cause of action. Accordingly, Defendant's motion to dismiss will be granted. A separate order will follow.

                                                                                   /s/
                                            DEBORAH K. CHASANOW
                                            United States District Judge